

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**U.S. Department of Justice**

2015 JUL 28  PH 4: 00

*United States Attorney*
*District of Maryland*

CLERK'S OFFICE
AT BALTIMORE

BY____DEPUTY

Paul E. Budlow
*Assistant United States Attorney*
Paul.Budlow@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4917
MAIN: 410-209-4800
FAX: 410-962-3091

July 13, 2015

Joel C. Denning, Esquire
1142 York Road
Lutherville, MD 21093

> Re:   United States v. Gregory Wayne Gibson
> Criminal #: RDB-15-0230

Dear Mr. Denning:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by Friday, July 17, 2015, at 5:00 p.m., it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1.      The Defendant agrees to plead guilty to Count Two of the Indictment now pending against him, charging him with Distribution of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(2). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

a.      That on February 24, 2015, the Defendant knowingly distributed a visual depiction;
b.      That said visual depiction was shipped or transported in and affecting interstate or foreign commerce by any means, including computer;
c.      That the production of said visual depiction involved the use of a minor engaging in sexually explicit conduct;
d.      That said visual depiction is of a minor engaged in sexually explicit conduct; and

1

    e. That the defendant knew that at least one of the individuals in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

## Penalties

  3. (a) The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: not less than five (5) years and not more than twenty (20) years imprisonment, followed by a term of supervised release of not less than five (5) years and not more than life and a fine of $250,000.  In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.  This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.  If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.  The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release.  The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

    (b) The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence.  Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

  4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a. If the Defendant had persisted in a plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel.  That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.  Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily.  All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.  The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

3

## Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a.      The base offense level is twenty (22) pursuant to U.S.S.G. § 2G2.2(a)(2).

b.      Pursuant to U.S.S.G. § 2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12). **(Subtotal: 24)**.

c.      Pursuant to U.S.S.G. §2G2.2(b)(3)(B), there is a two (2) level increase because the offense involved distribution. **(Subtotal: 26)**.

d.      Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the offense involved the use of a computer. **(Subtotal: 28)**.

e.      Pursuant to U.S.S.G. §2G2.2(b)(6), there is a four (4) level increase because the material portrayed sadistic or masochistic conduct or other depictions of violence. **(Subtotal: 32)**.

f.      Pursuant to U.S.S.G. §2G2.2(b)(7)(D), there is a five (5) level increase because the offense involved more than 600 images. **(Subtotal: 37)**.

g.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. Thus, the final anticipated offense level is **34**.

7.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.      This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range,  no other offense characteristics, sentencing guidelines factors,

potential departures or adjustments set forth in Chapters 2, 3, 4, or 5 of the United States
Sentencing Guidelines will be raised or are in dispute.

### Obligations of the United States Attorney's Office

9.      At the time of sentencing, this Office will recommend a sentence of no more than
eight (8) years incarceration. The Defendant reserves the right to advocate for a lesser sentence.

10.     The parties reserve the right to bring to the Court's attention at the time of
sentencing, and the Court will be entitled to consider, all relevant information concerning the
Defendant's background, character and conduct.

11.     At the time of sentencing, this Office will move to dismiss any open counts
against the Defendant.

### Restitution

12.     Under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to
mandatory restitution. The restitution could include the medical bills, compensation for time
missed from work, as well as counseling costs (including travel) for any of the victims related to
the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§2259, 3663A(b)(2)
and (4). The Defendant further agrees that he will fully disclose to the probation officer and to
the Court, subject to the penalty of perjury, all information, including but not limited to copies of
all relevant bank and financial records, regarding the current location and prior disposition of all
funds obtained as a result of the criminal conduct set forth in the factual stipulation. The
Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and
to make them available for restitution. If the Defendant does not fulfill this provision, it will be
considered a material breach of this plea agreement, and this Office may seek to be relieved of its
obligations under this agreement. Defendant understands that an unanticipated amount of a
restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant
is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial
Responsibility Program.

### Collection of Financial Obligations

13.     The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit
report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by
the Court.

14.     In order to facilitate the collection of financial obligations to be imposed in
connection with this prosecution, the Defendant agrees to disclose fully all assets in which the
Defendant has any interest or over which the Defendant exercises control, directly or indirectly,
including those held by a spouse, nominee or other third party.

15.     The Defendant will promptly submit a completed financial statement to the
United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant

promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

### Forfeiture

16.    Your client agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on April 16, 2015.  He further agrees to take whatever steps are necessary to pass clear title to the property to the United States or any State authority.  Those items include, but are not limited to:

      a.    Acer Aspire 5740/5340 series laptop, sn: LXPM9020530062230F2000, made in China;

      b.    Lenovo ThinkPad laptop, sn: MP-05Q, made in China;

      c.    Seagate Backup Plus external hard drive, sn: NA5CLM61, made in China;

      d.    Seagate Free Agent Go Flex external hard drive, sn: NA0Q3CYG, made in Thailand and China.

      e.    Sandisk 32GB flash drive; and

      f.    Sandisk 16GB flash drive.

### Waiver of Appeal

17.    In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

      a.    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

      b.    The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence in imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

      c.    Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

      d.    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

      e.    The Defendant further waives any and all motions, defenses, probable cause determinations, objections which defendant could assert to the indictment or to the Court's

entry of judgment against the Defendant, and any imposition of sentence upon the Defendant consistent with this agreement. If Defendant files a notice of appeal, notwithstanding this agreement, Defendant agrees that this case shall be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

## Obstruction or Other Violations of Law

18.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) files a motion to withdraw his guilty plea, or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

19.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Agreement Does Not Cover Production of Child Pornography
## Or Sexual Activity with a Minor

20.     The parties agree and understand that this plea agreement is being entered into prior to a full and complete forensic examination of the Defendant's computer(s) and other electronic media. Should such examination result in evidence that the Defendant was involved in the production of child pornography or any sexual activity with a child, this Agreement would not prevent the United States in any way from prosecuting said offenses.

### Entire Agreement

21.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Paul E. Budlow
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

7 - 17 - 2015
_____                    _____
Date                                   Gregory Wayne Gibson

I am Gregory Wayne Gibson's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

7 - 17 - 2015
_____                    _____
Date                                   Joel C. Denning, Esq.

8

**Attachment A**

*The undersigned parties hereby stipulate and agree that the following facts are true and accurate, and that if this matter had gone to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter gone to trial.*

Gregory Wayne Gibson ("Gibson"), age 63, is a resident of Cockeysville, Maryland. As detailed below, Gibson has been involved in the collection and distribution of child pornography.

In July 2014, a detective from the Baltimore County Police Department (BCPD) used a computer connected to the internet and launched a publicly available P2P file sharing program which identified that Gibson had a file containing child pornography available for download. On July 27, 2014, the investigator downloaded a video file, the title of which is "Kingpass 302A – K@ty Pthc – Daddy Cum Pussy On E – A Guy's Load Shoots Into A Preteen Girls Spread Open Pussy - Age 5 or 6 – Modify Mg Pissing Guy Pisses In 6Yo Spread Pussy Rimshot Pedo Ptsc Kleuterkutje Pthc.mpg", a video file that is approximately 38 seconds long and depicts an adult male erect penis touching a naked prepubescent female vagina as the naked prepubescent female touches her vagina with her hand.

On February 24, 2015, a BCPD detective again used a computer connected to the internet and launched a publicly available P2P file sharing program which identified that Gibson had a file containing child pornography available for download. The investigator downloaded a video file, the title of which is "Pthc - 12Yo Girl - Very Pretty Tiny Tits & Pink Pussy - Hd.avi", a video file that is approximately 25 minutes and 31 seconds long and depicts a minor female undressing, masturbating, and then using a vibrator to penetrate her anus and vagina.

On April 16, 2015, a search warrant was executed at Gibson's residence at 10313 Malcolm Circle, Apt. M, Cockeysville, Maryland, and a further search was conducted at Gibson's employer, at Charles Towers on Charles Street in Baltimore City. During the searches, investigator's seized Gibson's laptop and an external hard drives, all of which contained images and/or videos of child pornography, and are further described as:

One Acer Aspire 5740/5340 series laptop, sn: LXPM9020530062230F2000, made in China;

One Lenovo ThinkPad laptop, sn: MP-05Q, made in China;

One Seagate Backup Plus external hard drive, sn: NA5CLM61, made in China;

One Seagate Free Agent Go Flex external hard drive, sn: NA0Q3CYG, made in Thailand and China;

One Sandisk 32GB flash drive; and

One Sandisk 16GB flash drive.

Gibson voluntarily spoke to investigators admitted to using Peer to Peer software to download child pornography, and to understanding how the software is used to share files. He further stated that he struggled with looking at child pornography.

Child pornography was found during a forensic examination of Gibson's laptops, external hard drives and flash drives. The distributed videos were located on the Acer Aspire 5740/5340 series laptop (Count 1) and the Seagate Backup Plus external hard drive (Count 2). The publicly available peer-to-peer file sharing program discussed above was installed on the Lenovo laptop computer, and the program had been used to download child pornography. Remnants of the publically available peer-to-peer file sharing program discussed above were found on the Acer Aspire laptop computer. The laptop computers contained some of the same image files that were located on the external hard drives and flash drives;

The electronic media contained in excess of 260,000 images and videos. A preliminary review of those files revealed that the majority of these files depicted minors engaging in sexually explicit conduct. There were also a significant number of images of child erotica and of images and videos depicting infants and toddlers engaging in sex acts with adults, including images and videos depicting bondage and anal penetration.

Some of the search terms used in the peer to peer program included the following words and phrases which are commonly used to search for child pornography: Pthc S&M, Pthc scat, Pthc tied, Pthc bound, Pthc Japan, Pthc Russian, African preteen, and Pthc Arab.

The folder structure on the Seagate Backup Plus external drive was organized and included folders with the following titles: "Ass Butt Rosebud", "BJ Collection", "No Panties", "LS Specials", "My Girls", "Delicious", "Specials", "Up Close", and "Cream Pie".

The laptop computer, two external hard drives, and two flash drives were manufactured out of the state of Maryland. The visual child pornography found in Gibson's possession was transported in or affecting interstate or foreign commerce, and was produced using materials that had been transported in or affecting interstate or foreign commerce.

For the past three to four years, GIBSON has volunteered as a youth group leader at a church in Baltimore County working with children as young as 9 years old all the way up to college age. GIBSON's wife ran an unlicensed daycare at the residence wherein GIBSON admitted to assisting his wife in caring for the children, which included infants.

The forensic analysis of the digital evidence seized from GIBSON's residence and place of employment revealed that GIBSON was acquiring images of child pornography as recent as five days before the state search warrant was executed.

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it.  I further understand that it is included as part of my plea agreement with the government in this case

Gregory Wayne Gibson

I am Mr. Gibson's attorney.  I have carefully reviewed the statement of facts with him.

Joel C. Denning, Esquire
Counsel for Gregory Wayne Gibson

3